**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 6, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SCOTT A. DUKE,

        Plaintiff-Appellant,

v.

MICHAEL J. ASTRUE,[*]
Commissioner of Social Security,

        Defendant-Appellee.

No. 07-1122
(D.C. No. 06-cv-836-PSF)
(D. Colo.)

---

**ORDER AND JUDGMENT**[**]

---

Before **KELLY**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

---

Scott A. Duke appeals from an order of the district court affirming the

Commissioner's decision denying his applications for disability insurance benefits

---

[*]    Pursuant to Fed. R. App. P. 43(c)(2), Michael J. Astrue is substituted for Jo Anne B. Barnhart as appellee in this appeal.

[**]    After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and supplemental security income. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), and we affirm.

Mr. Duke alleged that he became disabled because of bipolar disorder and low thyroid. The agency denied his applications initially and he requested a hearing before an administrative law judge (ALJ).[1] After the hearing, the ALJ determined that Mr. Duke was not eligible for benefits, concluding that he was not disabled at step five of the analysis because he could perform a significant number of jobs in the regional and national economies. *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (explaining five-step process for evaluating claims for disability benefits). The Appeals Council denied Mr. Duke's request for review, making the ALJ's decision the Commissioner's final decision. *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). Mr. Duke sought review in the district court, and that court affirmed the ALJ's decision. This appeal followed.

We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996). On appeal, Mr. Duke raises the same issues that he raised in the

---

[1]      As part of the procedure for testing modifications to the disability determination process, the step requiring Mr. Duke to seek reconsideration was eliminated in this case and he was able to request a hearing after the initial denial of his applications. *See* 20 C.F.R. § 404.906(b)(4).

district court. First, he argues that the ALJ erred in determining his residual functional capacity. Second, he contends that the ALJ erred in holding that the Commissioner met his burden at step five. The district court's order thoroughly analyzed the record and the findings of the ALJ using the same standard of review that governs our review. Having reviewed the parties' briefs, the record, and the applicable law, we conclude that the district court's analysis is correct and we see no reason to repeat that analysis here. Accordingly, the judgment is AFFIRMED for the same reasons articulated in the district court's order dated February 1, 2007.

Entered for the Court

John C. Porfilio
Circuit Judge